# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.                                            Case No: 6:22-cv-1639-RBD-EJK

**GIACINTO FORMOSO, VITA FORMOSO, FRANCESCA FORMOSO, POINT CYPRESS TOWNHOMES HOMEOWNER'S ASSOCIATION, INC., KAHAMA HOLDINGS, LLC, RBC BANK, and DEL-AIR HEATING, AIR CONDITIONING & REFRIGERATION, INC.,**

      **Defendants.**

## ORDER

This cause comes before the Court on the United States's Application for Entry of Default Against Point Cypress Townhomes Homeowner's Association, Inc. (Doc. 18) and Del-Air Heating, Air Conditioning & Refrigeration, Inc. (Doc. 19), both filed December 1, 2022.

### I.  BACKGROUND

On September 8, 2022, Plaintiff, the United States of America, filed a Complaint to obtain a judgment against Defendants Giacinto Formoso a/k/a J.C. Formoso ("Mr. Formoso") and Vita Formoso ("Mrs. Formoso") for their unpaid federal income tax liabilities for the tax years 2005, 2006, and 2008, and to enforce the

federal tax liens against real property located at 8844 Della Scala Circle, Orlando, FL 32836 (the "Subject Property") "beneficially owned by Mr. and Mrs. Formoso but titled in the name of Defendant Francesca Formoso as their nominee." (Doc. 1 ¶ 1.) Relevant to the present Motions, Point Cypress Townhomes Homeowner's Association, Inc. ("Point Cypress") and Del-Air Heating, Air Conditioning & Refrigeration, Inc. ("Del-Air") are named as Defendants to this action under 26 U.S.C. § 7403(b)[1] because they may claim an interest in the Subject Property by virtue of claims of lien in the amount of $1,451.81 and $126,904.11, respectively. (Doc. 1 ¶¶ 9, 12.) The United States now moves for entry of a clerk's default against Point Cypress and Del-Air due to their failure to respond to the Complaint in the allotted time. (Docs. 18, 19.)

## II.  STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

---

[1] That statute provides that, "All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto."

III.   DISCUSSION

Both entities against which the United States seeks the entry of a clerk's default are corporate entities. Under the federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A), 4(e)(1).

The United States asserts that, on September 14, 2022, it personally served Point Cypress by serving Point Cypress's registered agent for service of process. (Doc. 18.) The Florida Division of Corporations' website indicates that Point Cypress's registered agent is CT Corporation System, located at 1200 South Pine Island Road, Plantation FL 33324.[2] The Affidavit of Service reflects that the process server served Monicka

---

[2] *Detail by Entity Name of Point Cypress Townhomes Homeowners Association, Inc.*, Division of Corporations, an official State of Florida website, https://search.sunbiz.org/Inquiry/CorporationSearch/SearchResultDetail?inquiryty pe=EntityName&directionType=Initial&searchNameOrder=POINTCYPRESSTO WNHOMESHOMEOWNER%20N060000047190&aggregateId=domnp-n06000004719-2d17187e-74d8-42d0-b74b-6fdece07efa0&searchTerm=Point%20Cypress%20Townhomes%20Homeowner%E2 %80%99s%20Associati&listNameOrder=POINTCYPRESSTOWNHOMESHOME OWNER%20N060000047190 (last visited Dec. 13, 2022).

Creary, intake specialist and employee of Point Cypress's registered agent, at 1200 South Pine Island Road, Plantation, FL 33324. (Doc. 18-1.) Therefore, service of process was effective on Point Cypress under Federal Rule of Civil Procedure 4(h)(1)(B), and a clerk's default is due to be entered against it.

Next, the United States asserts that on September 14, 2022, it served Del-Air by serving a "designated employee." (Docs. 19, 19-1.) Florida Statute § 48.081 permits process to be served on a corporation by serving any one of the following persons: (1) the president, vice president or other corporate head; (2) the cashier, treasurer, secretary, or general manager; (3) any corporate director; (4) any officer or business agent residing in Florida; or (5) an agent designated by the corporation under Florida Statute § 48.091. *See* Fla. Stat. §§ 48.081(1), (3)(a). "[I]f service cannot be made on a registered agent because of failure to comply with s. 48.091, service of process shall be permitted on any employee at the corporation's principal place of business or on any employee of the registered agent." Fla. Stat. § 48.081(3)(a).

The United States has not represented that Del-Air failed to comply with § 48.091, such that service would need to be effected on a Del-Air employee. And the United States has otherwise not provided briefing as to how service of process was effective on Del-Air by serving a "designated employee." Therefore, the Motion for a clerk's default against Del-Air will be denied without prejudice.

IV. **CONCLUSION**

Accordingly, it is **ORDERED** as follows:

1. The United States's Application for Entry of Default Against Point Cypress Townhomes Homeowner's Association, Inc. (Doc. 18) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter default against Point Cypress Townhomes Homeowner's Association, Inc.

2. The United States's Application for Entry of Default Against Del-Air Heating, Air Conditioning & Refrigeration, Inc. (Doc. 19) is **DENIED WITHOUT PREJUDICE**.

**DONE** and **ORDERED** in Orlando, Florida on December 16, 2022.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE