UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.                              Case No: 6:22-cv-1639-RBD-EJK

**GIACINTO FORMOSO, VITA FORMOSO, FRANCESCA FORMOSO, POINT CYPRESS TOWNHOMES HOMEOWNER'S ASSOCIATION, INC., and DEL-AIR HEATING, AIR CONDITIONING & REFRIGERATION, INC.,**

      **Defendants.**

### ORDER

This cause comes before the Court on the United States's Renewed Application for Entry of Default Against Del-Air Heating, Air Conditioning & Refrigeration, Inc. (the "Motion") (Doc. 34), filed February 17, 2023. Upon consideration, the Motion is due to be granted.

### I.    BACKGROUND

On September 8, 2022, Plaintiff, the United States of America, filed a Complaint to obtain a judgment against Defendants Giacinto Formoso a/k/a J.C. Formoso ("Mr. Formoso") and Vita Formoso ("Mrs. Formoso") for their unpaid federal income tax liabilities for the tax years 2005, 2006, and 2008, and to enforce the federal tax liens against real property located at 8844 Della Scala Circle, Orlando, FL

32836 (the "Subject Property") "beneficially owned by Mr. and Mrs. Formoso but titled in the name of Defendant Francesca Formoso as their nominee." (Doc. 1 ¶ 1.) Relevant to the present Motion, Del-Air Heating, Air Conditioning & Refrigeration, Inc. ("Del-Air") is named as a Defendant to this action under 26 U.S.C. § 7403(b)[1] because it may claim an interest in the Subject Property by virtue of a claim of lien in the amount of $126,904.11. (*Id.* ¶ 12.)

The Court denied without prejudice the United States's first motion for entry of a clerk's default against Del-Air because it could not determine from the briefing whether it had been properly served. (Docs. 19, 23.) The United States now renews its motion for entry of a clerk's default against Del-Air. (Docs. 34.)

## II.   STANDARD

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Before the clerk may enter default, he or she must determine that effective service has been made on the defaulting defendant because, without effective service, there is no jurisdiction and no obligation to answer or "otherwise defend." *See Kelly v. Florida*, 233 Fed. App'x 883, 885 (11th Cir. 2007) (unpublished).

---

[1] That statute provides that, "All persons having liens upon or claiming any interest in the property involved in such action shall be made parties thereto."

## III.   DISCUSSION

Del-Air is a corporate entity. Under the federal rules, a corporate defendant may be served by:

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

Fed. R. Civ. P. 4(h)(1)(B). A corporate defendant may also be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(h)(1)(A); Fed. R. Civ. P 4(e)(1).

The United States asserts that in its initial application for entry of clerk's default against Del-Air, it failed to specify the rule under which it effected service of process. (Doc. 34 at 2.) The United States now asserts that it effected service of process pursuant to Rule 4(h)(1)(B) because on September 15, 2022, it served Del-Air "by service on Renee Hall, an employee of Del-Air authorized to accept service of process." (Doc. 34 ¶¶ 2, 5.) The Amended Affidavit of Service (Doc. 34-1) confirms that Ms. Hall was authorized to accept service for Del-Air. The Court accepts the Amended Affidavit of Service as adequate proof that Del-Air was properly served pursuant to Rule 4(g)(1)(B). As Del-Air was served on September 15, 2022, and more than 21 days have passed with no responsive pleading filed, default is appropriate. Fed. R. Civ. P. 12(a)(1)(A)(i).

## IV. CONCLUSION

Accordingly, it is **ORDERED** as follows:

1. The United States' Renewed Application for Entry of Default Against Del-Air Heating, Air Conditioning & Refrigeration, Inc. (Doc. 34) is **GRANTED**.

2. The Clerk is **DIRECTED** to enter a default against Defendant Del-Air Heating, Air Conditioning & Refrigeration, Inc.

**DONE** and **ORDERED** in Orlando, Florida on March 27, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE