## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

**v.**                                **Case No: 6:22-cv-1639-RBD-EJK**

**GIACINTO FORMOSO, VITA
FORMOSO, FRANCESCA
FORMOSO, POINT CYPRESS
TOWNHOMES HOMEOWNER'S
ASSOCIATION, INC., and DEL-
AIR HEATING, AIR
CONDITIONING &
REFRIGERATION, INC.,**

       **Defendants.**

### REPORT AND RECOMMENDATION

This cause comes before the Court on Plaintiff United States of America's Motions for Entry of Default Judgment against Defendant Point Cypress Townhomes Homeowner's Association, Inc. (Doc. 31) and Del-Air Heating, Air Conditioning & Refrigeration, Inc. (Doc. 37), filed February 3, 2023, and April 27, 2023, respectively (collectively, the "Motions"). Upon consideration, I respectfully recommend that the Motions be granted.

## I.     BACKGROUND

### A. Factual Background[1]

On September 8, 2022, Plaintiff, the United States of America, filed a Complaint to obtain a judgment against Defendants Giacinto Formoso a/k/a J.C. Formoso ("Mr. Formoso") and Vita Formoso ("Mrs. Formoso") for their unpaid federal income tax liabilities for the tax years 2005, 2006, and 2008, and to enforce the federal tax liens against real property located at 8844 Della Scala Circle, Orlando, FL 32836 (the "Subject Property") "beneficially owned by Mr. and Mrs. Formoso but titled in the name of Defendant Francesca Formoso as their nominee." (Doc. 1 ¶ 1.)

Specifically, Plaintiff alleges that Mr. and Mrs. Formoso failed to pay federal income taxes for the 2005, 2006, and 2008 tax years. (*Id.* ¶¶ 6, 7.) Francesca Formoso is Mr. and Mrs. Formoso's daughter and holds legal title to the Subject Property, but the United States alleges that Mr. and Mrs. Formoso transferred the Subject Property to her for little to no consideration. (*Id.* ¶¶ 8, 30.) In March 2012, the IRS issued a Notice of Deficiency to Mr. and Mrs. Formoso for the 2005, 2006, and 2008 tax years. (*Id.* ¶ 20.) They did not challenge the Notice in U.S. Tax Court. (*Id.* ¶ 21.) Subsequently, a delegate of the Secretary of the Treasury assessed Mr. and Mrs. Formoso for unpaid federal income taxes; they are alleged to owe $1,881,698.60, including penalties and interest, as of February 6, 2021. (*Id.*)

---

[1] On default, the defaulted defendant admits the well-pleaded allegations of fact in the complaint. *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009).

Relevant to the instant Motions, Point Cypress Townhomes Homeowner's Association, Inc. ("Point Cypress") and Del-Air Heating, Air Conditioning & Refrigeration, Inc. ("Del-Air") are named as Defendants to this action under 26 U.S.C. § 7403(b) because they may claim an interest in the Subject Property by virtue of claims of lien in the amounts of $1,451.81 and $126,904.11, respectively. (Doc. 1 ¶¶ 9, 12.)[2] Federal tax liens arose and attached to the Subject Property upon the assessment of tax liabilities. (Doc. 1 ¶ 27.) On January 15, 2013, the IRS filed and recorded in the public records of Orange County, Florida, a Notice of Federal Tax Liens against Mr. and Mrs. Formoso that encumbers the Subject Property. (*Id.* ¶ 28.) In addition, the IRS filed and recorded in the public records of Orange County, Florida, a Notice of Federal Tax Liens against Francesca Formoso, as a nominee of Mr. and Mrs. Formoso, that encumbers the Subject Property. (*Id.* ¶ 29.)

### B. Procedural History

Plaintiff's Complaint asserts two claims. The first count is to reduce Mr. and Mrs. Formoso's federal income tax liability to judgment, and the second count, relative to the instant Motion, is to foreclose the federal tax liens on the Subject Property. (Doc. 1.) Mr. and Mrs. Formoso and Francesca Formoso have appeared in this case and filed Answers. (Docs. 9, 10.) Relevant here, Defendants Point Cypress

---

[2] Previously named Defendants Kahama Holdings, LLC and RBC Bank were voluntarily dismissed by the United States and terminated as parties by the Court. (Docs. 22, 27, 28, 29.)

and Del-Air have not appeared in this case and have been defaulted by the Clerk of Court. (Docs. 26, 36.)

## II.   STANDARD

A district court may enter a default judgment against a properly served defendant who fails to defend or otherwise appear. Fed. R. Civ. P. 55(b)(2). The mere entry of a default by the Clerk does not, in itself, warrant the Court entering a default judgment. *See Tyco Fire & Sec. LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (unpublished). Rather, a defaulted defendant is deemed only to admit the plaintiff's well-pled allegations of fact. *Id.* "Thus, before entering a default *judgment* for damages, the district court must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Id.* (emphasis in original).

"Once liability is established, the court turns to the issue of relief." *Enpat, Inc. v. Budnic,* 773 F. Supp. 2d 1311, 1313 (M.D. Fla. 2011). "Pursuant to Federal Rule of Civil Procedure 54(c), '[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings,' and a court may conduct hearings when it needs to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter." *Id.* (citing Fed. R. Civ. P. 55(b)(2)).

### III.    DISCUSSION

#### A. Personal Jurisdiction

Upon review of the allegations in the Complaint and the service of process, the undersigned finds that there is personal jurisdiction over Defendants. "'Personal jurisdiction is a composite notion of two separate ideas: amenability to jurisdiction, or predicate, and notice to the defendant through valid service of process.'" *Prewitt Enters., Inc. v. Org. of Petroleum Exp. Countries*, 353 F.3d 916, 925 n.15 (11th Cir. 2003) (quoting *DeMelo v. Toche Marine, Inc.*, 711 F.2d 1260, 1264 (5th Cir. 1983)). The party moving for default judgment must demonstrate that a court has jurisdiction over the party against whom the default judgment is sought. *See Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-cv-1054-Orl-28DAB, 2011 WL 6752561, at *2 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011) ("In addition to a showing of adequate service of process (or a showing sufficient to establish waiver of same), a Court . . . must assure itself of jurisdiction over the action and the parties.").

The undersigned finds that there is personal jurisdiction over Point Cypress and Del-Air because they are both Florida corporations and are thus subject to suit in Florida.[3]Additionally, in the Order granting Plaintiff's Application for Entry of Clerk's

---

[3]  *Detail by Entity Name of Point Cypress Townhomes Homeowners Association, Inc.*, Division of Corporations, an official State of Florida website, https://dos.myflorida.com/sunbiz/ (last visited June 28, 2023); *Detail by Entity Name of Del-Air Heating, Air Conditioning & Refrigeration, Inc.*, Division of Corporations, an official State of Florida website, https://dos.myflorida.com/sunbiz/ (last visited June

Default against Point Cypress, the undersigned concluded that service was effective under Federal Rule of Civil Procedure 4(h)(1)(B) because Plaintiff served its registered agent. (Doc. 23 at 3–4.) In the Order granting Plaintiff's Renewed Application for Entry of Clerk's Default against Del-Air, the undersigned concluded that service was effective under Federal Rule of Civil Procedure 4(h)(1)(B) because Plaintiff served an employee of Del-Air authorized to accept service of process. (Doc. 35 at 3.)

### B.  Subject Matter Jurisdiction

Plaintiff alleges that the Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1340 and 1345, as well as 26 U.S.C. § 7402. (Doc. 1 ¶ 3.) In pertinent part, 28 U.S.C. § 1340 provides that "the district courts shall have original jurisdiction of any civil action arising under any Act of Congress providing for internal revenue . . . ." Additionally, 28 U.S.C. § 1345 confers "original jurisdiction of all civil actions, suits or proceedings commenced by the United States" to the district courts. As this is an action by the United States to enforce a federal tax lien, the Court has subject matter jurisdiction.

### C.  Venue

Plaintiff alleges venue is proper pursuant to 28 U.S.C. §§ 1391 and 1396. (Doc. 1 ¶ 4.) Pursuant to 28 U.S.C. § 1391(b)(2), a civil action can be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

---

28, 2023).

And under 28 U.S.C. § 1396, "[a]ny civil action for the collection of internal revenue taxes may be brought in the district where the liability for such tax accrues, in the district of the taxpayer's residence, or in the district where the return was filed." Thus, venue is appropriate in the Middle District of Florida, Orlando Division, in part because the Subject Property at issue is located in Orange County, which lies within this District. (Doc. 1 ¶ 4.)

### D. Entitlement to Default Judgment

As stated above, Plaintiff requests that the Court enter a default judgment against Point Cypress and Del-Air, declaring that they have no interest in the Subject Property and, if the Subject Property is sold, that the sale will be free and clear of any interest of these Defendants and they will not share in the sale's proceeds. (Docs. 31 at 1–2; 37 at 1–2.)

Title 26, United States Code, Section 7403(a) grants a district court jurisdiction to hear disputes involving liens of the United States. The rule states, in relevant part:

> "[T]he Attorney General or his delegate, at the request of the Secretary, may direct a civil action to be filed in a district court of the United States to enforce the lien of the United States under this title with respect to such tax or liability or to subject any property, of whatever nature, of the delinquent, or in which he has any right, title, or interest, to the payment of such tax or liability."

26 U.S.C. § 7403(a). The United States must also name all "persons having liens upon or claiming any interest in the property involved" as parties in the action; only then may the court adjudicate the matters involved and determine the merits of the claims and liens. *Id.* § 7403(b), (c); *see also United States v. Christianson*, 414 F. App'x 218, 220

(11th Cir. 2011) (per curiam) (unpublished) ("[D]istrict courts have the right to order the sale of property encumbered by a tax lien, 26 U.S.C. § 7403(c), and 'to render such judgments and decrees as may be necessary or appropriate' to complete that sale, *id.* § 7402(a).'").

Here, the United States named Point Cypress and Del-Air as parties that might have a possible claim to the Subject Property. (Doc. 1, ¶¶ 9, 12.) Though Point Cypress and Del-Air were properly served, they failed to respond to the Complaint or otherwise assert an interest in the Subject Properties. (Docs. 23, 35.) As they have not asserted a claim against the Subject Property, despite having notice and an opportunity to do so, they have not proven that they have a pursuable interest in the Subject Property. Consequently, the Court can enter default judgment finding that Point Cypress and Del-Air have no interest in the Subject Property and, in the event a sale of the Subject Property is ordered, that they are prohibited from taking any proceeds from the judicial sale of the Subject Property. Accordingly, the United States is entitled to default judgment against these entities. *United States v. Mandras*, No. 6:20-cv-164-WWB-EJK, 2021 WL 3508090, at *2 (M.D. Fla. Mar. 10, 2021) (internal citation omitted) (finding, in pertinent part, that the United States was entitled to a declaratory judgment that a defaulted § 7403(b) defendant had no interest in the subject properties and was not entitled to any sale proceeds); *United States v. Cornwell*, No. 6:18-cv-2194-Orl-22EJK, 2020 WL 674092, at *5 (M.D. Fla. Feb. 11, 2020) ("Because [the § 7403(b) party] has not asserted a claim to the [s]ubject [p]roperty by failing to file an answer or other pleading, the Court will enter judgment that [it] has no interest in the Subject Property

and is not entitled to any proceeds upon the sale of the Subject Property."); *United States v. Jones*, No. 8:17–cv–2389–T–24 AEP, 2018 WL 2119155, at *2 (M.D. Fla. May 8, 2018) (entering default judgment against several creditors who failed to respond to complaint, finding they had no interest in subject properties).

The undersigned next examines whether a default judgment should be entered against Point Cypress and Del-Air at this point in time as the case is ongoing against the Formoso Defendants. In general, "in cases involving more than one defendant, a judgment . . . should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants." *Nationwide Mut. Fire Ins. Co. v. Creation's Own Corp., S.C.*, No. 6:11-CV-1054-ORL-28, 2011 WL 6752561, at *5 (M.D. Fla. Nov. 16, 2011), *report and recommendation adopted*, No. 6:11-CV-1054-ORL-28, 2011 WL 6752557 (M.D. Fla. Dec. 22, 2011). However, since this default is in the context of a lien enforcement, I find that, although the case has not been fully resolved as to all Defendants, the Court can proceed with entering a declaratory judgment against Point Cypress and Del-Air disclaiming their interest in the Subject Property, as this will not result in the risk of inconsistent judgments. *See Mandras*, 6:20-cv-00164-WWB-EJK, Doc. 50 (M.D. Fla. Mar. 11, 2021) (showing court entered judgment against defaulted creditor prior to resolving case as to all defendants).

## IV.    RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **GRANT** Plaintiff United States of America's Motions for Entry of Default Judgment against Defendant Point Cypress Townhomes Homeowner's Association, Inc. (Doc. 31) and Del-Air Heating, Air Conditioning & Refrigeration, Inc. (Doc. 37); and

2. **ENTER** a default judgment **DECLARING** that Point Cypress Townhomes Homeowner's Association, Inc., and Del-Air Heating, Air Conditioning & Refrigeration, Inc., have no interest in the Subject Property and, in the event a sale of the Subject Property at 8844 Della Scala Circle, Orlando, FL 32836 is ordered, that Point Cypress Townhomes Homeowner's Association, Inc., and Del-Air Heating, Air Conditioning & Refrigeration, Inc., are prohibited from taking any proceeds from the judicial sale of the Subject Property.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on July 10, 2023.

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE